UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P134-R

**FRED STANLEY**                                                                                         **PLAINTIFF**

v.

**DR. GREEN** *et al.*                                                                                 **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Fred Stanley, a prisoner incarcerated at the Kentucky State Penitentiary ("KSP"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. He alleges an Eighth Amendment claim against Dr. Green of CorrectCare and Dr. Scott Haas, Medical Director of the Kentucky Department of Corrections ("KDOC"), in their individual capacities. According to the complaint and its attachments, Plaintiff was seen by KSP physician, Dr. Steve Hiland, on February 5, 2007, with a complaint of a nonpainful, swollen left testicle of a three-week duration. Physical examination revealed an enlarged testicle, a urinalysis was negative, and an ultrasound on February 20, 2007, revealed "a large, simple hydrocele and a right extra-testicular, epididymal large cyst measuring 4½ x 1.5 cm." Dr. Hiland submitted a request for a urology consult for possible surgery to CorrectCare. Dr. Hiland reports that CorrectCare "approves all procedures to be done outside corrections and we must abide with their decisions." According to Dr. Hiland, Dr. Greenman[1] denied the request on March 1, 2007, and advised the primary care physician to monitor Plaintiff's condition. Thereafter, on March 9, 2007, Dr. Hiland "drained his left hydrocele with result of about 255 cc."

---

[1] As attached medical records repeatedly reference Dr. Greenman and reading the complaint in a light most favorable to the *pro se* litigant, the Court presumes that Dr. Green and Dr. Greenman are the same person.

Plaintiff filed a medical grievance alleging that his condition is "extremely painful and hinders [his] range of movement." Medical Director Dr. Haas ultimately denied the grievance on May 1, 2007, advising that if Plaintiff's condition worsened, then his primary care provider may resubmit a request for surgical consultation, which would be reviewed again in light of any new information. As relief, Plaintiff seeks injunctive relief in the form of surgery and punitive damages in the amount of $250,000.

Because Plaintiff is a prisoner seeking redress from governmental officials and employees, the Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss "the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

### A. *Defendant Dr. Haas*

Plaintiff alleges only that Dr. Haas denied his medical grievance. To the extent Plaintiff seeks to hold Dr. Haas liable in his supervisory position as KDOC Medical Director, Plaintiff's attempt fails because the doctrine of respondeat superior does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, "liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). To establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v.*

*Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Hays*, 668 F.2d at 872-74). Here, Plaintiff fails to allege that Dr. Haas was in any way personally involved in his medical care. Plaintiff, therefore, fails to state a claim against him. *Davis v. Sapp*, No. 99-5769, 2000 WL 572067 (6th Cir. May 1, 2000) (finding no supervisory liability where it was alleged that defendants were aware of deficiencies in plaintiff's medical treatment but failed to intervene).

Further, although Dr. Haas denied Plaintiff's medical grievance, a prisoner cannot maintain a claim against a prison official based solely on his or her denial of a grievance. Plaintiff's claim is against the subjects of his grievances, not against those who merely decided whether to grant or deny the grievances. *See*, *e.g.*, *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Accordingly, the Eighth Amendment claim against Dr. Haas will be dismissed, by separate Order, for failure to state a claim upon which relief may be granted.

### B. Defendant Dr. Green/Greenman

In the context of a § 1983 claim for inadequate medical care, prison personnel violate a prisoner's civil rights if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). However, not every claim of inadequate medical treatment states an Eighth Amendment violation. *Id.* at 105. The indifference must be substantial; that is, it must be an offense to evolving standards of decency. *Id.* at 106. A patient's disagreement with his physician over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable under § 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 816 n.13 (6th Cir. 1996); *Sanderfer v. Nichols*, 62 F.3d

3

151, 154-55 (6th Cir. 1995). The question of whether diagnostic techniques or other forms of treatment are indicated is a classic example of a matter for medical judgment. At most, a medical decision not to order an x-ray or like measures represents medical malpractice. *Estelle*, 429 U.S. at 107. Furthermore, allegations of "inadvertent failure to provide adequate medical care" or of a negligent diagnosis or treatment of a prisoner fail to state a cause of action. *Id.* at 105-06. Simply stated, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106.

While Plaintiff may have opted for alternative treatment in the form of a urological surgical consult, the medical records attached to the complaint reveal that Plaintiff received a physical examination, a urinalysis, an ultrasound, and drainage of the hydrocele. In addition, Plaintiff was advised that should his condition worsen, Dr. Hiland could always resubmit a request for surgical consultation, which would be reviewed again in light of the new information. Clearly, this is not a case where Plaintiff has altogether been denied medical treatment. Courts often "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (citations omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (citations omitted). As Plaintiff has received medical attention and his dispute is merely over the adequacy of treatment, he has failed to establish a federal constitutional violation against Dr. Green/Greenman for opining that a surgical consult was not warranted. *Estelle*, 429 U.S. at 107 (holding that a medical decision not to order a particular treatment does not violate the constitution but may support a state law claim for malpractice); *Chapman v. Parke*, No. 91-5841, 1991 WL

4

203080, at *2 (6th Cir. Oct. 4, 1991) ("[A] difference of opinion regarding treatment or his need for surgery is insufficient to state a claim under the Eighth Amendment.").

For these reasons, the Eighth Amendment claim against Dr. Green/Greenman must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005